**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.:

ON SITE HOME HEALTH CARE CORPORATION,
A Florida Corporation,
VERAS MANAGEMENT LLC,
A Florida Limited Liability Company,

OMAR VERA, and YEMILE VERA,


Plaintiffs,


v.


U.S. SMALL BUSINESS ADMINISTRATION, and
U.S. DEPARTMENT OF THE TREASURY BUREAU
OF THE FISCAL SERVICE

Defendants.

_____/


## PLAINTIFFS' VERIFIED COMPLAINT

**COME NOW,** Plaintiffs, ON SITE HOME HEALTH CARE CORPORATION ("On Site"), VERAS MANAGEMENT LLC ("Veras"),  OMAR VERA ("OMAR") and YEMILE VERA ("Yemile") by and through undersigned counsel,  and hereby sue Defendants, U.S.

1

SMALL BUSINESS ADMINISTRATION ("SBA") and U.S. DEPARTMENT OF THE TREASURY BUREAU OF THE FISCAL SERVICE ("Treasury"), and allege:

## I. INTRODUCTION

1. This action arises from fraudulent SBA loans obtained through identity theft and fraud using Plaintiffs' business identities and information without authorization, consent, knowledge, or benefit to Plaintiffs.

2. Plaintiff ON SITE HOME HEALTH CARE CORPORATION was fraudulently associated with SBA Loan Number 1353379101 in the amount of $1,635,700.12. **See: Exhibit 1.**

3. Plaintiffs OMAR VERA and YEMILE VERA were also fraudulently associated with SBA Loan Number 1353379101, in which their names and personal information were fraudulently used to provide purported personal guarantees for the loan without their authorization, knowledge, or consent.

4. Plaintiff VERAS MANAGEMENT LLC was fraudulently associated with SBA Loan Number 3399959103 in the amount of $257,600.00. **See: Exhibit 2.**

5. Plaintiffs OMAR VERA and YEMILE VERA were also fraudulently associated with SBA Loan Number 3399959103, in which their names and personal information were fraudulently used to provide purported personal guarantees for the loan without their authorization, knowledge, or consent.

6. Plaintiffs did not apply for, authorize, execute, consent to, guarantee, receive proceeds from, or otherwise benefit from the above-referenced SBA loans.

7. Unknown third parties fraudulently utilized Plaintiffs' identifying information and/or business credentials to procure the loans.

8. Plaintiffs became aware of the fraudulent loans only after collection efforts, demands,

2

offsets, adverse reporting, and/or collection-related activities commenced.

9.    Plaintiffs disputed the loans as fraudulent and notified Defendants that the loans were procured through identity theft. **See Exhibit 1. See: Exhibit: 2.**

10.    Despite receiving notice of identity theft and fraud, Defendants continued treating the loans as valid obligations attributable to Plaintiffs.

11.    Plaintiffs seek a declaration that the loans are void ab initio and unenforceable against Plaintiffs because the loans were procured through fraud, identity theft, and lack of authorization.

12.    Plaintiffs further seek equitable restitution for monies wrongfully collected and review of Treasury collection activity under the Administrative Procedure Act where applicable.

## II. <u>JURISDICTION AND VENUE</u>

13.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

14.    This Court has jurisdiction pursuant to 15 U.S.C. § 634(b)(1), which authorizes suits against the Administrator of the Small Business Administration.

15.    This Court has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

16.    This Court additionally has jurisdiction pursuant to the Administrative Procedure Act, 5 U.S.C. § 702, regarding Treasury collection and administrative offset activity.

17.    Plaintiffs seek declaratory relief concerning legal rights and obligations arising from fraudulently procured SBA loans.

18.    Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391 because Plaintiffs reside and conduct business within this District and substantial events giving rise to this action occurred within this District.

3

### III. <u>PARTIES</u>

19.     Plaintiff ON SITE HOME HEALTH CARE CORPORATION is a Florida corporation organized and existing under the laws of the State of Florida.

20.     Plaintiff VERAS MANAGEMENT LLC is a Florida limited liability company organized and existing under the laws of the State of Florida.

21.     Plaintiff OMAR VERA is a Florida resident.

22.     Plaintiff YEMILE VERA is a Florida resident.

23.     Defendant U.S. SMALL BUSINESS ADMINISTRATION is a federal agency responsible for administration and servicing of SBA loans.

24.     Defendant U.S. DEPARTMENT OF THE TREASURY BUREAU OF THE FISCAL SERVICE is a federal agency involved in federal debt collection and treasury offset collection activities.

### IV. <u>GENERAL ALLEGATIONS</u>

25.     Unknown third parties engaged in identity theft and fraud by utilizing Plaintiffs' identifying information and/or business information to obtain SBA loans.

26.     Plaintiffs never authorized any person or entity to apply for SBA financing on their behalf relating to the loans at issue.

27.     Plaintiffs did not sign the applications, promissory notes, guarantees, certifications, or supporting documentation associated with the loans.

28.     Plaintiffs did not receive the proceeds of the loans.

29.     Plaintiffs did not knowingly participate in any loan transaction relating to the subject loans.

30.     Upon discovering the fraudulent loans, Plaintiffs disputed the debts and reported the identity theft and fraud.

31.     Plaintiffs provided and/or attempted to provide documentation supporting the fraud and identity theft claims.

32.     Despite receiving notice of fraud and identity theft, Defendants continued to maintain the loans as obligations attributable to Plaintiffs.

33.     Upon information and belief, collection activity, adverse reporting, treasury offset activity, and/or federal collection procedures have been initiated and/or threatened against Plaintiffs.

34.     Plaintiffs continue suffering damages and harm, including: a. damage to business reputation; b. damage to business credit; c. interference with banking and financing relationships; d. interference with business operations; e. costs associated with disputing fraudulent debts; f. wrongful collection of monies; g. ongoing uncertainty regarding Plaintiffs' legal obligations.

35.     An actual, present, and justiciable controversy exists regarding whether Plaintiffs are legally responsible for the subject SBA loans.

36.     Plaintiffs have exhausted and/or attempted to exhaust available administrative remedies regarding the fraudulent loans and disputes.

## COUNT I – DECLARATORY JUDGMENT

## (Against U.S. SMALL BUSINESS ADMINISTRATION)

33.     Plaintiffs re-allege paragraphs 1-36, as if fully set forth herein.

34.     An actual and present controversy exists regarding the validity and enforceability of the purported SBA loans with its personal guarantee.

35.     Plaintiffs contend the loans are void ab initio and unenforceable because: a. the loans were procured through fraud; b. the loans were procured through identity theft; c. Plaintiffs never authorized the loans; d. Plaintiffs never consented to the loan obligations; e. Plaintiffs never received the loan proceeds; f. Plaintiff Omar Vera and Plaintiff Yemile Vera never provided

personal guarantee.

36.    Defendant SBA Administrator continues treating the loans as enforceable obligations attributable to Plaintiffs.

37.    Plaintiffs are entitled to a declaration determining: a. SBA Loan Number 1353379101 was fraudulently obtained; b. SBA Loan Number 3399959103 was fraudulently obtained; c. Plaintiffs are not legally responsible for the loans; d. the loans are void and unenforceable against Plaintiffs; e. Plaintiffs possess no legal repayment obligations associated with the loans.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter declaratory judgment in favor of Plaintiffs and against Defendant SBA Administrator declaring:  A. that the SBA Loan Number 1353379101 is void ab initio and unenforceable against Plaintiff ON SITE HOME HEALTH CARE CORPORATION; B. that the SBA Loan Number 3399959103 is void ab initio and unenforceable against Plaintiff VERAS MANAGEMENT LLC; C. Declare that Plaintiffs possess no legal repayment obligations associated with the loans, and grant such further relief as this Court deems proper.

## COUNT II – INJUNCTIVE RELIEF

(Against All Defendants)

38.    Plaintiffs re-allege paragraphs 1-32, as if fully set forth herein.

39.    Plaintiffs have suffered and continue to suffer irreparable harm as a result of Defendants' collection efforts associated with the fraudulent loans.

40.    Plaintiffs lack an adequate remedy at law because continued collection activity, treasury offsets, and adverse reporting continue to damage Plaintiffs.

41.    Plaintiffs are substantially likely to succeed on the merits because the loans were procured through identity theft and fraud.

42.     The public interest favors preventing collection of fraudulent debts against identity theft victims.

43.     Plaintiffs seek temporary, preliminary, and permanent injunctive relief: a. Prohibiting Defendants from continuing collection activities; b. Prohibiting treasury offsets; c. Prohibiting adverse reporting; d. Requiring removal of the fraudulent loans; e. Requiring correction of agency records; f. Requiring return of monies wrongfully collected.

**WHEREFORE,** Plaintiffs request temporary, preliminary, and permanent injunctive relief against Defendants: a. Prohibiting Defendants from continuing collection activities; b. Prohibiting treasury offsets; c. Prohibiting adverse reporting; d. Requiring removal of the fraudulent loans; e. Requiring correction of agency records; f. Requiring return of monies wrongfully collected and grant such further relief as this Court deems proper.

## <u>COUNT III – EQUITABLE RESTITUTION</u>

### (Against All Defendants)

44.     Plaintiffs re-allege paragraphs 1 through 32 as though fully set forth herein.

45.     Defendants collected, retained, and/or benefited from monies associated with loans not legally attributable to Plaintiffs.

46.     Equity and good conscience require restitution of monies wrongfully collected from Plaintiffs.

47.     Defendants should not retain funds collected based upon debts procured through identity theft and fraud.

**WHEREFORE,** Plaintiffs respectfully request entry of judgment requiring restitution and return of monies wrongfully collected from Plaintiffs together with such additional relief as this

Court deems just and proper.

## RESERVATION OF RIGHTS

Plaintiffs reserves the right to amend their complaint to bring such other and further claims against Defendants for their wrongful conduct which are learned or may accrue during the course of discovery.

## VERIFICATION

The undersigned, Yemile Vera, being a principal of On Site Home Health Care Corporation., hereby verifies under penalty of perjury that the factual assertions set forth hereinabove are true and correct.

**ON SITE HOME HEALTH CARE CORPORATION**

By: Yemile Vera

Position: President of On Site Home Health Care Corporation

**Date:** 05-27-2026

8

## VERIFICATION

The undersigned, Omar Vera, being a principal of Veras Management LLC., hereby verifies under

penalty of perjury that the factual assertions set forth hereinabove are true and correct.

**VERAS MANAGEMENT LLC**

By: Omar Vera

Position: President of Veras Management LLC

**Date:** 05-27-2026

## VERIFICATION

The undersigned, Omar Vera, hereby verifies under penalty of perjury that the factual assertions

set forth hereinabove are true and correct.

**OMAR VERA**

9

## VERIFICATION

The undersigned, Yemile Vera, hereby verifies under penalty of perjury that the factual assertions set forth hereinabove are true and correct.

YEMILE VERA

10

Respectfully submitted,



CUETO LAW GROUP P.L.
Attorneys for Plaintiffs
2100 Ponce de Leon Blvd., Suite 1050
Coral Gables, Florida 33146
Tel.:    (786) 816-0132
Fax:     (305) 777-0449
Email: spaniagua@cuetolawgroup.com
By: /s/ Santiago D. Paniagua
SANTIAGO D. PANIAGUA, ESQ.
Florida Bar No.: 1044888